UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH GRECO, JULES BRODSKY, TODD J. CHRISTENSON, WILLIAM DICKIE, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CASE NO. 3:13-CV-1005-M |
| JERRAL "JERRY" WAYNE JONES, NATIONAL FOOTBALL LEAGUE, DALLAS COWBOYS FOOTBALL CLUB, LTD., JWJ CORPORATION, COWBOYS STADIUM, L.P., COWBOYS STADIUM GP, LLC, and BLUE & SILVER, INC., | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case raises interesting and challenging questions of jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Having carefully considered Plaintiffs' Motion to Remand [Docket Entry #11], the Court concludes that it should retain jurisdiction over this action. For the following reasons, Plaintiffs' Motion is **DENIED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND.**

On February 6, 2011, Defendants allegedly denied, relocated, and delayed the seating of, and/or directed to seats with obstructed views, thousands of ticket holders to Super Bowl XLV. Pls.' Original Pet. ¶ 4.39.  On February 5, 2013, 237 affected ticketholders filed suit against Defendants in state court, stating claims for breach of contract, fraudulent inducement, fraudulent concealment, negligent misrepresentation, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and negligence. *Id.* at ¶¶ 2.5, 5.1-11.7.

On March 7, 2013, Defendants removed the state court action to this Court, arguing that this case is properly removable as a "mass action" under CAFA. Defs.' Notice of Removal at ¶¶ 2-10. Plaintiffs seek remand because (1) Defendants have not established that each Plaintiff seeks in excess of $75,000, and (2) this action is exempted from CAFA's definition of "mass action" pursuant to the "event or occurrence" exception. Pls.' Mot. to Remand at 3-8.

## II.   ANALYSIS.

A district court has subject matter jurisdiction over mass actions under CAFA. *See* 28 U.S.C. § 1332(d)(11)(A) ("For purposes of this subsection . . . a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs."). A mass action is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). The statute further provides that jurisdiction "shall exist only over those plaintiffs whose claims in a mass action" exceed $75,000. *Id.* Thus, to be removable as a mass action under CAFA, a civil action must, at the very least: (1) satisfy CAFA's minimal diversity requirement (*i.e.*, at least one plaintiff and one defendant must be citizens of different states); (2) have an amount in controversy exceeding $5,000,000; and (3) involve claims of monetary relief of at least 100 persons that involve common questions of law or fact. *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(11)(A); 28 U.S.C. § 1332(d)(11)(B)(i).

"CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Joseph v. Unitrin, Inc.*, No. 1:08-CV-077, 2008 WL 3822938, at *4 (E.D. Tex. Aug. 12, 2008) (internal citation and quotation marks omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485

F.3d 793, 797 (5th Cir. 2007). However, once federal jurisdiction under CAFA is established, the burden shifts to the objecting party to prove, by a preponderance of the evidence, the absence of jurisdiction. *See Laffin v. Nat'l Football League*, No. 3:11-CV-345-M, 2011 WL 1396887, at *1 (N.D. Tex. Apr. 12, 2011) (Lynn, J.).

### 1. Defendants must only show that at least one Plaintiff seeks in excess of $75,000 to properly remove this action under CAFA.

The parties do not dispute that this action satisfies the three threshold jurisdictional requirements enumerated above.[1] Rather, they disagree over whether Defendants can establish mass action jurisdiction without demonstrating that *each* of the 237 Plaintiffs seek in excess of $75,000. *See* 28 U.S.C. § 1332(d)(11)(B)(i) ("[J]urisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a) [*i.e.*, exceed $75,000]."). Plaintiffs argue that Defendants can establish federal jurisdiction *only if* they meet their burden of doing so now. If Plaintiffs are correct, then this case must be remanded, because Defendants have not established that each Plaintiff in this case pursues claims satisfying this amount.

Defendants argue, contrarily, that they must only make a threshold showing that *at least* one Plaintiff brings claims in an amount exceeding $75,000. *Cf. Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 687 (9th Cir. 2006) (finding remand appropriate where defendant had not "established that even *one* plaintiff satisfie[d] the $75,000 jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of § 1332(d)(11)(B)(i)," and concluding that

---

[1] The Court would hold no differently as to these requirements even if they were disputed. Plaintiffs' Original Petition was filed on behalf of 237 individuals, states claims premised on common questions of fact, seeks monetary relief, and alleges that Plaintiffs have sustained damages exceeding $5,000,000. *See, e.g.*, Pls.' Original Pet. ¶¶ 2.5, 4.55, 11.6, 13.1-13.5. Moreover, at the time of the filing of Plaintiffs' Original Petition, at least one Plaintiff and one Defendant were citizens of different states. *See id.* at ¶¶ 2.7-2.13, Ex. A; Defs.' Notice of Removal at 2.

"the case cannot go forward unless there is *at least* one plaintiff whose claims can remain in federal court") (emphasis in original).

This Circuit recently held that 28 U.S.C. § 1332(d)(11)(B)(i) requires defendants to show that at least one plaintiff pursues claims in excess of $75,000. *Hood ex rel. Miss. v. JPMorgan Chase & Co.*, 737 F.3d 78, 86 (5th Cir. 2013). *Hood* left unanswered, however, "whether at least 100, or only one of the plaintiffs must satisfy the individual amount in controversy requirement in order to confer CAFA jurisdiction." *Id.*, n.4. Unbridled by any precedent from this Circuit to the contrary, the Court rejects Plaintiffs' assertion that the $75,000 provision forecloses jurisdiction over the entire case if the removing party does not prove that each Plaintiff asserts claims greater than that amount.

This argument has already been called into doubt by at least one other court in this Circuit, and for reasons this Court finds persuasive. *See Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-132-SS, 2008 WL 8148619, at *6-8 (W.D. Tex. Aug. 8, 2008). In *Hamilton*, Judge Sparks concluded that defendants "made a prima facie case for removal pursuant to CAFA's mass action provisions" because plaintiffs' claims totaled "more than $5,000,000 as specified in § 1332(d)(2)."[2] *Id.* at *8. Relevant here, the court dismissed plaintiffs' argument that their claims were not subject to mass action removal because defendants had failed to show that each plaintiffs' claims exceeded $75,000:

> Plaintiffs argue . . . that the caveat "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)" means Defendants bear the burden to establish the claims of each Plaintiff are at least $75,000. . . . [Rather,] Plaintiffs have the burden of identifying individual claims that must be remanded because they fall below the $75,000 threshold specified in § 1332(d)(11)(B)(i). As Plaintiffs have identified no specific claim that falls below this amount, no remand is warranted

---

[2] Whether at least one plaintiff possessed claims exceeding $75,000 was undisputed. *Id.* at *8. Therefore, *Hamilton* does not appear to have decided the question of whether a removing defendant must show that at least one plaintiff's claims exceed $75,000, a question this Circuit has now answered in the affirmative.

on these grounds at the present time.

*See id.* at *6-8. In so holding, the court expressly adopted the reasoning of *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1204 (11th Cir. 2007), and the Senate Report on CAFA. *Id.* at *8.

In *Lowery*, the Eleventh Circuit panel concluded that requiring a showing that each plaintiff holds claims exceeding $75,000—*i.e.*, the requirement Plaintiffs urge the Court to adopt here—would "fail to give effect to every word and clause in CAFA" and render the $5,000,000 aggregate amount in controversy threshold "mere surplusage."[3] *Id.* at 1204-1205. Finding the language of 28 U.S.C. § 1332(d)(11)(B)(i) to "refer to individual plaintiffs and their claims, not to the civil action as a whole," the *Lowery* court stated that the "$75,000 provision," when read in the broader context of the statute, "was not intended to bar district courts from asserting jurisdiction over the entire case if each individual plaintiff's claims do not exceed $75,000."[4] *Id.* at 1205.

*Hamilton* held, as does this Court, that this interpretation[5] of CAFA accords with the

---

[3] This is so because, if an action is filed on behalf of 100 individual plaintiffs—as is required by CAFA's numerosity requirement—and if their claims may be removed only if they each seek in excess of $75,000, then the aggregate value of their claims would be in excess of $7,500,000.

[4] Nevertheless, *Lowery* did not ultimately decide the precise question before the Court (*i.e.*, whether each plaintiff must satisfy the $75,000 individual amount in controversy to establish jurisdiction), finding remand proper because defendants otherwise failed to establish the $5,000,000 aggregate amount in controversy requirement. *Id.* at 1206 ("Because we hold . . . that the defendants have not established the $5,000,000 aggregate amount in controversy, we need not decide today whether the $75,000 provision might yet create an additional threshold requirement that the party bearing the burden of establishing the court's jurisdiction must establish at the outset, *i.e.*, that the claims of at least one of the plaintiffs exceed $75,000.").

[5] Plaintiffs argue that because *Lowery* has been characterized as *dicta* by the Eleventh Circuit in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010), its above-discussed analysis should be disregarded by this Court. *Pretka* stated that "[b]ecause *Lowery* was not a first paragraph removal case, anything the opinion says about the law applicable to cases removed under the first paragraph of § 1446(b) is dicta." *Id.* at 762. Even so, to whatever extent *Lowery* contains *dicta*, this Court still finds its analysis of the issue persuasive. *See id.* ("Dicta can, of course, have persuasive value.").

statute's legislative history. In pertinent part, the Senate Report on CAFA states:

> Subsection 1332(d)(11)(B)(i) includes a statement indicating that jurisdiction exists only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [S]ection 1332(a). The Committee notes that the intent of this proviso is as follows. If a mass action satisfies the criteria set forth in the section (that is, it involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the claims involve common questions of law or fact and it meets the tests for federal diversity jurisdiction otherwise established by the legislation), it may be removed to a federal court, which is authorized to exercise jurisdiction over the action. Under the proviso, however, it is the Committee's intent that any claims that are included in the mass action that standing alone do not satisfy the jurisdictional amount requirements of Section 1332(a) (currently $75,000), would be remanded to state court.
>
> Subsequent remands of individual claims not meeting the [S]ection 1332 jurisdictional amount requirement may take the action below the 100-plaintiff jurisdictional threshold or the $5 million aggregated jurisdictional amount requirement. However, so long as the mass action met the various jurisdictional requirements at the time of removal, it is the Committee's view that those subsequent remands should not extinguish federal diversity jurisdictional over the action.

S. REP. NO. 109-14, at 46-47 (2005), *reprinted in* 2005 U.S.C.C.A.N. 44. That statement of legislative intent is relevant to the Court's determination as to what the statute means. This Court concludes that, although Defendants must show that Plaintiffs' claims exceed $5,000,000 in the aggregate to establish jurisdiction, they do not also bear the burden of establishing that each Plaintiff seeks recovery in excess of $75,000. Defendants must, however, still prove the jurisdictional threshold requirement that at least one Plaintiff's claims exceed $75,000. *See Hood*, 737 F.3d at 86. They have done so here.

### 2. Defendants have shown that at least one Plaintiff seeks in excess of $75,000.

Plaintiffs allege in their Original Petition that no individual Plaintiff seeks recovery in excess of $74,000—*i.e.*, Plaintiffs would appear to disavow recovery in an amount greater than the jurisdictional minimum of 28 U.S.C. § 1332(a). Pls.' Original Pet. ¶ 13.5. Not only does this

contravene then-existing Texas pleading standards,[6] but it does nothing to divest this Court of jurisdiction. To be sure, Plaintiffs have not argued that the Court lacks jurisdiction simply on the basis of this statement; nor could they. Stating that no Plaintiff "seeks recovery of more than $74,000," *see id.*, does not constitute a binding judicial admission or stipulation that actually serves to limit recovery to that amount. *See De Aguilar*, 47 F.3d at 1411. This statement simply does not irrevocably demonstrate that all Plaintiffs waive the right to recovery in excess of that amount. *Compare with Wright v. Normandy Terrace Healthcare and Rehab. Ctr.*, No. SA-12-CA-622-XR, 2012 WL 2979040, at *1-2 (W.D. Tex. July 19, 2012) (finding that the court lacked subject matter jurisdiction where plaintiff included in her petition a stipulation that "the maximum amount of damages sought *or that will be accepted* 'shall not exceed Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest.'") (emphasis added).

Thus, the Court's inquiry into whether the amount in controversy has been satisfied as to at least one Plaintiff does not end simply because Plaintiffs allege recovery below $75,000. *See De Aguilar*, 47 F.3d at 1411. Instead, when a plaintiff specifically pleads he seeks damages less than $75,000, the Fifth Circuit permits a removing defendant to demonstrate, by a preponderance of the evidence, that the amount in controversy actually exceeds the jurisdictional minimum. *See id.*; *see also Beasley v. Liberty Ins. Corp.*, No. 3:10-CV-631-M, 2010 WL 2697151, at *1 (N.D. Tex. July 7, 2010) (Lynn, J.). Consequently, this Court lacks jurisdiction unless Defendants can demonstrate that Plaintiffs' disclaimer of recovery exceeding the jurisdictional minimum of 28

---

[6] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 ("[P]laintiffs, in apparent violation of Tex. R. Civ. P. 47, described the amount of their claim by specifically alleging that their damages did not exceed $50,000."). This suit was filed on February 5, 2013. At that time, and when *De Aguilar* was decided, Texas Rule of Civil Procedure 47 provided that "[a]n original pleading . . . shall contain . . . (b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court." Although Texas Rule of Civil Procedure 47 was recently amended, that amendment only applies to cases filed on or after March 1, 2013. Final Approval of Rules for Dismissals and Expedited Actions, Misc. Docket No. 13-9022 (Tex. Feb. 12, 2013).

U.S.C. § 1332(a) is inconsistent with the facts with respect to at least one Plaintiff. *De Aguilar*, 47 F.3d at 1411-12 ("[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

A defendant may establish that the amount in controversy satisfies the jurisdictional minimum in two different ways. "First, it may show that it is 'facially apparent' that the amount in controversy exceeds $75,000, by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount. Second, if the amount in controversy is not facially apparent, the defendant may produce summary judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum." *Cox v. Liberty Mut. and Credit Collection Servs.*, No. 3:10-CV-1956-M, 2011 WL 98374, at *2 (N.D. Tex. Jan. 12, 2011) (Lynn, J.).

Defendants have shown, by a preponderance of the evidence, that the $75,000 individual amount in controversy is met as to at least one Plaintiff. Plaintiffs filed this action on behalf of 237 individuals. Pls.' Original Pet. ¶ 2.5. Plaintiffs allege, no less than six times, that Defendants have caused them "substantial damages including but not limited to the cost of their tickets, travel-related expenses, loss of vacation time, and other expenses in a total amount exceeding $5,000,000 to be determined according to proof at trial." *Id.* at ¶¶ 6.8, 7.7, 8.6, 9.6, 10.8, 11.6. It is thus apparent from the face of Plaintiffs' Original Petition that, on average, each Plaintiff seeks compensatory damages of least $21,097.00.[7] Stated another way, the allegations of Plaintiffs' Petition make certain that their aggregate damages cannot exceed $5,000,000 *unless*

---

[7] The Court reaches this number by dividing $5,000,000 by 237. The exact result is $21,097.04641350211.

at least one Plaintiff actually incurred $21,097.00 or more in compensatory damages—even if many Plaintiffs may have sustained compensatory damages of a lesser amount. Simply assessing treble damages on the $21,097.00 (made available by Plaintiffs' DTPA claims, *see* Tex. Bus. & Com. Code Ann. § 17.50(b)(1)),[8] and assessing conservative attorney's fees of 20% thereon (made available to a prevailing party under the DTPA, *see id* § 17.50(d)),[9] proves that at least one Plaintiff brings claims greater than $75,000.[10] *Cf. Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.7 (11th Cir. 2010) ("Plaintiffs do not specifically allege that the class is larger than 100 persons, but simple arithmetic dictates that it must be far larger. With damages to individuals ranging from $175 to $480, the class size must be at least 10,417 ($5,000,000 divided by $480)."). This is so, without even considering the possible impact of the punitive damages that Plaintiffs seek on their fraud claims.

Although otherwise disclaiming *Lowery* as dicta, Plaintiffs claim that this analysis is far too speculative to establish that any plaintiff seeks in excess of $75,000. Plaintiffs cast the facts of *Lowery* as follows:

> In *Lowery*, the plaintiffs alleged an aggregate sum of damages for at least $5 million. As in this case, the defendants argued that the amount in controversy was satisfied based on "the observation that, to reach the jurisdictional threshold, each of the roughly 400 plaintiffs need only recover, on average, $12,500." *Id.* at 1220. The Court rejected this argument, explaining that: "[t]o reach such a

---

[8] *See* Pls.' Original Pet. ¶ 13.4(c) ("Plaintiffs seek to recover . . . [t]reble damages under the Texas Deceptive Trade Practices Act."). The Court may consider treble damages when determining the amount in controversy. *See, e.g.*, *Gemini Ins. Co. v. Trident Roofing Co., LLC*, No. 3:9-CV-704-M, 2009 WL 3416495, at *1 (N.D. Tex. Oct. 23, 2009) (Lynn, J.).

[9] *See* Pls.' Original Pet. ¶ 13.4(e) ("Plaintiffs seek to recover . . . [a]ll reasonable and necessary attorneys' fees."). When a statute entitles a party to recover attorney's fees, the amount in controversy includes those fees. *See, e.g.*, *Wofford v. Allstate Ins. Co.*, No. 3:4-CV-2699-M, 2005 WL 755761, at *2 (N.D. Tex. April 4, 2005) (Lynn, J.). In considering whether the amount in controversy was satisfied in the related *Laffin* action, the Court previously included in its calculation "conservative attorney's fees of 20%." *Laffin*, 2011 WL 1396887, at *2.

[10] Trebling $21,097.00 amounts to $63,291.00. When attorney's fees of 20% are assessed thereon, the resulting amount is approximately $75,949.00.

conclusion, we would necessarily need to engage in impermissible speculation—evaluating without the benefit of any evidence the value of individual claims." *Id.* Pls.' Supp. Br. Submitted in Resp. to Court's Order Dated Dec. 11, 2013 at 7. The Court reads the facts of *Lowery* differently.

Contrary to Plaintiffs' rendition, the plaintiffs in *Lowery* did not allege a total sum of damages of at least $5,000,000 in their operative complaint, as did the Plaintiffs here. *See Lowery*, 483 F.3d at 1220 ("Whatever indications of value can be gleaned from the plaintiffs' pleadings are insufficient to support a conclusion that the plaintiffs' claims were potentially valued at $5,000,000 or more in the aggregate."). In *Lowery*, the court considered both plaintiffs' initial and third amended complaints to determine whether these pleadings demonstrated that the aggregate amount in controversy was met. *Id.* at 1218-20. As to the third amended complaint, the court found "no unambiguous statement on the face of the [third] amended complaint that would be sufficient to establish that plaintiffs' claims potentially exceed $5,000,000 in aggregate." *Id.* at 1219. As to the initial complaint, the court held that "it would be improper to bind plaintiffs by the prayer for relief in their initial pleading," as it had since been amended, thereby superseding any amount initially claimed. *Id.* at 1219-20.

Such is not the case here. Plaintiffs have filed in state court only an Original Petition, which repeatedly alleges that Plaintiffs incurred damages exceeding this aggregate amount. *See supra* at 8. The *Lowery* defendants were not basing their "mathematical calculation" on any similar statement, but, rather, on their argument that each of the 400 plaintiffs needed to recover an average of $12,500 to reach $5,000,000. *Id.* at 1220. The court, therefore, held that "without the benefit of any evidence [of] the value of individual claims," the "complaint alone cannot satisfy the defendants' burden in proving jurisdiction." *Id.* Here, 237 Plaintiffs *do* unequivocally state in their Original Petition that Defendants' complained-of actions caused

them to incur aggregate damages—*i.e.*, expenses associated with Super Bowl XLV—exceeding $5,000,000.

Because the Court concludes that it is facially apparent from Plaintiffs' Petition that the amount in controversy is met as to at least one Plaintiff, it declines to consider the independent evidence that Defendants provided to further assert this Court's jurisdiction. The Court notes, however, that Plaintiffs have submitted evidence demonstrating that Plaintiff Carre Covell lacks standing to pursue claims in this case, such that the Court would be required to remand her claims on the basis that they do not exceed $75,000.[11] Rather than do so at this time, Plaintiffs' counsel is directed, no later than 10 days after entry of this Order, to inform the Court whether Plaintiff Covell will be dismissing her claims in this action.

### 3. Plaintiffs have not demonstrated the applicability of the "event or occurrence" exception.

Plaintiffs also argue that the "event or occurrence" exception bars the Court from asserting jurisdiction over this action. The "event or occurrence" exception excludes from the definition of "mass actions" any civil action in which "all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State." 28 U.S.C. § 1332(d)(11)(B)(ii)(I). Plaintiffs bear the burden of proving the applicability of this jurisdictional exception. *See Laffin*, 2011 WL 1396887, at *1. The Court concludes that they have not done so.

---

[11] The parties have fully briefed the evidence relating to Plaintiff Covell's claims (or lack thereof). All of this is part of the case record. The Court need not decide whether Plaintiff Covell should be considered for purposes of determining whether Defendants have shown that at least one Plaintiff seeks in excess of $75,000 by virtue of Plaintiffs' Original Petition. For even if she is not considered a Plaintiff in this action, the Court's conclusion that Defendants have done so remains unchanged—*i.e.*, dividing $5,000,000 by 236 Plaintiffs (rather than by 237) would also yield at least one individual amount in controversy exceeding $75,000, when accounting for the trebling of damages and inclusion of attorney's fees.

While Plaintiffs' claims undeniably share similar facts, they simply do not arise from an "event or occurrence" as that term is used in § 1332(d)(11)(B)(ii)(I). "The [C]ourt cannot ignore the singular usage of 'event' and the singular usage of 'occurrence.'" *See Adams v. Macon Cnty. Greyhound Park, Inc.*, 829 F. Supp. 2d 1127, 1134-37 (M.D. Ala. 2011) (rejecting plaintiffs' argument that an "event or occurrence" is not limited to a single, discrete incident). Although Plaintiffs argue that all of their claims arise from the singular "event or occurrence" of Super Bowl XLV, the Court finds the question much more nuanced.

As was the case in *Macon County*, this action may fairly be described as one involving claims based on separate events or occurrences, rather than on a single event or occurrence. In *Macon County*, 816 plaintiffs sued to void gambling contracts and recover losses incurred while playing defendants' electronic bingo machines. *Id.* at 1131. Like Plaintiffs in this case, plaintiffs in *Macon County* argued that the "event or occurrence" exception required remand to state court. *Id.* at 1134-37. The court held otherwise, stating:

> [T]here is no singular contract from which Plaintiffs' injuries allegedly arose, but instead there are, at a minimum, 861 contracts or "events" or "occurrences," each one wholly separate from every other one. At Victoryland, each Plaintiff engaged in separate and distinct wagers through his or her individual play of electronic bingo machines. . . . [E]ach of the 861[12] Plaintiffs brings claims based on individual gambling contracts he or she entered into with one or more Defendants. In other words, Plaintiffs predicate their claims on separate contracts formed with Defendants when they paid to play electronic bingo machines at Victoryland. Each play and the resulting loss of money form a separate event for which recovery of money is sought. In sum, this action is not excluded from the definition of a "mass action" under § 1332(d)(11)(B)(ii)(I).

*Id.* at 1136-37. Recognizing that plaintiffs suffered their injuries at the same location, and that their injuries were similar in nature, the court nevertheless held that that plaintiffs' claims were "not the type . . . that constitute 'an event or occurrence,' within the meaning of

---

[12] The actual number appears to be 816, not 861. *Id.* at 1129, 1130, 1132, 1133, 1134.

§ 1332(d)(11)(B)(ii)(I)." *Id.* at 1136. The court found that "[i]t would stretch the limits of the statutory phrase, 'an event or occurrence,' to include within its parameters Defendants' formation of separate contracts with different plaintiffs." *Id.*

Although recognizing the differences between its facts and those before the Court, the Court nevertheless finds *Macon County* instructive. Here, 237 Plaintiffs bring claims based on discrete seating denials, delays, relocations, and/or obstructed views associated with the individual tickets that they separately purchased or acquired to attend Super Bowl XLV. *See, e.g.*, Pls.' Original Pet. ¶ 4.55. Without question, Defendants' complained-of actions affected Plaintiffs in at least some similar ways. There is also no doubt that Plaintiffs' allegations are similarly founded on their attendance at Super Bowl XLV. However, rather than to arise from any one, singular "event or occurrence," Plaintiffs' claims are predicated on hundreds of separate ticket purchases and/or acquisitions and different problems that occurred. *See, e.g.*, Pls.' Original Pet. ¶ 4.39 ("[T]housands of ticket holders to Super Bowl XLV never got what *they bargained for* or what was *promised to them*.") (emphasis added). The fact remains that the seating problems alleged in connection with these game tickets form separate events or occurrences for which recovery is sought.[13] Accordingly, this exception does not warrant remand.

---

[13] Plaintiffs argue that *Macon County* is distinguishable because "the bingo was played on differing dates extending over one year," which Plaintiffs claim was "the most important part of the case," and because plaintiffs alleged that the "bingo machines were rigged, from time to time." Pls.' Reply at 3-4 (quoting *Macon Cnty.*, 829 F. Supp. 2d at 1131). Thus, Plaintiffs reason that *Macon County* "contrasts starkly to this case, where there truly was *one* single event or occurrence—Super Bowl XLV and the seating problems at Cowboys Stadium on February 6, 2011." *Id.* at 4 (emphasis in original). A close read of the *Macon County* decision—especially citation pages 1136-37, *see supra* at 12—however, readily indicates why Plaintiffs' argument falls short. The crux of the court's holding turned not on the reasons Plaintiffs contend, but, rather, on the fact that those plaintiffs' claims were premised on 816 *separate* and *individual* gambling contracts.

### III. CONCLUSION.

For the aforementioned reasons, Plaintiffs' Motion to Remand is **DENIED**. Plaintiffs' counsel is directed, no later than 10 days after entry of this Order, to inform the Court whether Plaintiff Covell will be dismissing her claims in this action.

**SO ORDERED**.

January 16, 2014.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**