**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH GRECO, JULES BRODSKY, TODD J. CHRISTENSON, WILLIAM DICKIE, et al., | § § § § | |
| *Plaintiffs,* | § § § | |
| VS. | § § | C.A. No. 3:13-CV-1005-M |
| JERRAL "JERRY" WAYNE JONES, NATIONAL FOOTBALL LEAGUE, DALLAS COWBOYS FOOTBALL CLUB, LTD., JWJ CORPORATION, COWBOYS STADIUM, L.P., COWBOYS STADIUM GP, LLC, and BLUE & SILVER, INC., | § § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANT NATIONAL FOOTBALL LEAGUE'S OPPOSITION TO PLAINTIFFS'**
**MOTION TO STAY PROCEEDINGS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND.............................................................................................. 2

ARGUMENT...................................................................................................................... 3

I.   Plaintiffs' Bare Speculation That *Ibe* May Be Reversed and That Such a Reversal Could Affect this Case Does Not Warrant a Stay of this Case............................................................. 6

II.  Plaintiffs' Request for a Stay Should Be Denied Because the Proposed Stay is for an Indefinite Period................................................................................................................ 7

III. A Stay Would Not Serve Judicial Economy or the Interests of the Parties. ............................ 9

CONCLUSION................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allison v. Citgo Petroleum Corp.*,
   151 F.3d 402 (5th Cir. 1998) ...................................................................................6

*Am. Home Mortgage Servicing, Inc. v. Triad Guar. Ins. Corp.*,
   714 F. Supp. 2d 648 (N.D. Tex. 2010) ....................................................................7

*Andrews v. United States*,
   2007 WL 2315964 (E.D. Tex. Aug. 10, 2007) ...............................................4, 8, 10

*In re ASARCO, LLC*,
   2009 WL 1392627 (S.D. Tex. May 15, 2009)..........................................................5

*Ball v. LeBlanc*,
   2014 WL 231920 (M.D. La. Jan. 17, 2014)..............................................................5

*Bell v. Alltel Comm'cns, Inc.*,
   2008 WL 4646146 (W.D. Pa. Oct. 17, 2008) ...........................................................4

*Blair v. Equifax Check Servs., Inc.*,
   181 F.3d 832 (7th Cir. 1999) ...................................................................................5

*Caruso v. Allstate Ins. Co.*,
   2007 WL 625830 (E.D. La. Feb. 26, 2007) ..............................................................4

*David v. Signal Intern., LLC*,
   37 F. Supp. 3d 836, 840 (E.D. La. 2014)..................................................................4

*Dowkin v. City & Cnty. of Honolulu*,
   2014 WL 4904952 (D. Haw. Sept. 30, 2014) ...........................................................4

*Eastman Med. Products, Inc. v. E.R. Squibb & Sons, Inc.*,
   199 F. Supp. 2d 590 (N.D. Tex. 2002) .....................................................................7

*Ferrell v. Wyeth-Ayerst Labs., Inc.*,
   2005 WL 2709623 (S.D. Ohio Oct. 21, 2005)..........................................................4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..................................................................................................4

*M.D. v. Perry*,
   2011 WL 7047039 (S.D. Tex. July 21, 2011)...........................................................5

*McCall v. Peters*,
    2003 WL 22083507 (N.D. Tex. Feb. 18, 2003)........................................................................8, 10

*Miller Weisbrod, LLP v. Klein Frank, PC*,
    2014 WL 2738231 (N.D. Tex. June 17, 2014) ...................................................................3, 4, 9

*In re Mounce*,
    2008 WL 2714423 (Bankr. W.D. Tex. July 10, 2008) ............................................................5

*In re Offshore Diving & Salvaging, Inc.*,
    1999 WL 407545 (E.D. La. June 18, 1999)..............................................................................4

*Payne v. Universal Recovery, Inc.*,
    2011 WL 7415414 (N.D. Tex. Dec. 7, 2011) ...........................................................................4

*Pollock v. Nat'l Football League*,
    553 F. App'x 270 (3d Cir. 2014) .............................................................................................7

*Stull v. YTB Intern., Inc.*,
    2010 WL 3613939 (S.D. Ill. Sept. 8, 2010)....................................................................4, 8, 9

*Trinity Indus., Inc. v. 188 L.L.C.*,
    2002 WL 1315743 (N.D. Tex. June 13, 2002) ........................................................................8

*VirnetX Inc. v. Apple Inc.*,
    2013 WL 7760959 (E.D. Tex. July 22, 2013) .......................................................................4, 8

*Wedgeworth v. Fibreboard Corp.*,
    706 F.2d 541 (5th Cir. 1983) ..........................................................................................3, 7, 8

*Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*,
    631 F. Supp. 2d 844 (N.D. Tex. 2009) ....................................................................................7

**Federal Statutes**

28 U.S.C. § 1292(b) ..........................................................................................................................5

**Rules**

Rule 23 ....................................................................................................................................1, 2, 5, 7

Defendant National Football League (the "NFL") files this Opposition to Plaintiffs' Motion to Stay Proceedings Pending Resolution of the Appeal in the Related *Ibe* Matter (Dkt. No. 177) ("Motion") and respectfully shows as follows:

## INTRODUCTION

For more than two years, Plaintiffs have insisted that this case must be litigated separately from the *Ibe* case, that the *Greco* Plaintiffs were unbound and unaffected by the Court's legal rulings in *Ibe*, and that the *Greco* case should proceed to a first bellwether trial as quickly as possible. Now, having lost the *Ibe* case, Plaintiffs' counsel has reversed course and seeks to halt the *Greco* case indefinitely based on their hope of overturning *Ibe* on appeal.

Plaintiffs' basis for requesting a stay, that the Fifth Circuit "could" reverse this Court's rulings in *Ibe* in a manner that could "potentially" affect this case, is nothing but bare speculation that does not warrant a stay. Plaintiffs have not even attempted to show that this Court abused its discretion by denying class certification or that its other pre-trial rulings in *Ibe* were erroneous. Indeed, the Fifth Circuit has rarely overturned a denial of class certification in recent memory, which no doubt explains the *Ibe* Plaintiffs' choice not to exercise their right under Rule 23(f) to seek an interlocutory appeal of the class certification opinion two years ago. Moreover, in a substantially similar case brought by other allegedly displaced Super Bowl XLV ticketholders in Pennsylvania, the Third Circuit has already affirmed the dismissal of all tort claims after ruling, as this Court did, that claims based on the Super Bowl XLV ticket sound in contract.

The likeliest outcome is that the *Ibe* appeal will have little or no impact on the current posture of this case, and the *Greco* Plaintiffs' individual claims will still need to be litigated. Staying the case would only result in an indefinite delay, further deterioration of witness memories, and inefficient use of the time and effort already invested in this case by the parties

and Court.  The requested stay should be denied so this case can be moved towards resolution rather than languishing indefinitely on this Court's docket.

## FACTUAL BACKGROUND

As the Court is aware, this case is one of two separate lawsuits filed by Plaintiffs' counsel concerning alleged temporary seating issues at the Super Bowl XLV game, which was played on February 6, 2011.

This suit, known as the *Greco* case, was filed in February 2013 on behalf of more than 200 individual plaintiffs.  At the time these plaintiffs filed their own individual claims, the plaintiffs in the first case – then known as the *Simms* case and now known as the *Ibe* case – were seeking class certification and their motion for certification was pending.

This Court denied class certification in the *Ibe* case on July 9, 2013.  In a 39-page opinion, this Court ruled that the four proposed classes failed to satisfy multiple requirements for certification under Rule 23.  The *Ibe* Plaintiffs chose not to exercise their right to seek immediate interlocutory review of the class certification denial under Rule 23(f).  Nor did any of the *Greco* Plaintiffs intervene in the *Ibe* case for purposes of seeking to appeal the denial of class certification.

Plaintiffs and their counsel instead chose for nearly two years to vigorously and separately litigate the individual claims of both the *Ibe* and *Greco* Plaintiffs.  The *Greco* Plaintiffs successfully opposed consolidation with the *Ibe* lawsuit and argued the NFL was improperly attempting to treat these "234 individual lawsuits" "as a pseudo-class action."  Dkt. No. 48 at 17; Def. App. Ex. A at App. 2-5 (Transcript of 2/25/14 Scheduling Conference at 17-19, 38).  They successfully convinced this Court to permit them to take additional discovery in *Greco*, on the grounds that while the lawyers in the two cases were the same, the plaintiffs were different and the *Greco* plaintiffs were not bound by the discovery and legal rulings in *Ibe*.  Def.

**NFL'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**                    **PAGE 2**

App. Ex. A at App. 6-11 (Transcript of 2/25/14 Scheduling Conference at 51-56).  They insisted on re-litigating the dismissal issues this Court had ruled on in *Ibe*, and opposed the NFL's efforts to streamline resolution of many of the claims in this case through a preliminary motion for summary judgment based on this Court's rulings in *Ibe*.  *See* Dkt. Nos. 41, 42, 135.

In the months leading up to the *Ibe* trial, the *Greco* Plaintiffs continued to press for an aggressive schedule for litigating their individual claims.  When the Court asked for Plaintiffs' position on the trial schedule in *Greco*, Plaintiffs' counsel responded that "[t]he first seat availability trial in Grecco [sic] should proceed in April with the second trial immediately thereafter" and "[i]n no event should the first Grecco [sic] trial be set well into the Summer or beyond in light of the age of the case, etc."  Def. App. Ex. B at App. 13 (December 9, 2014 email from Plaintiffs' counsel).  Plaintiffs even went so far as to (wrongly) accuse the NFL of "dragging its feet in the hopes that the bellwether trial setting will be delayed indefinitely."  Dkt. No. 135 at 6.

Now, having lost the *Ibe* case, Plaintiffs' counsel seeks to stay the *Greco* case indefinitely based on their bare speculation that they might be able to persuade the Fifth Circuit to reverse some or all of the Court's rulings from *Ibe* on appeal and that such rulings "could" have an effect on the *Greco* case.

## ARGUMENT

While this Court has authority to issue a stay pursuant to its inherent power to control its docket, "such control is not unbounded."  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).  "[T]he Supreme Court has characterized the circumstances in which such a stay is appropriate as 'rare.'"  *Miller Weisbrod, LLP v. Klein Frank, PC*, 2014 WL 2738231, at *2 (N.D. Tex. June 17, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The "suppliant for a stay must make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. Courts in fact routinely deny requests to stay a case based on an appeal in a related case. *See, e.g.*, *Miller Weisbrod*, 2014 WL 2738231, at *1-6; *Payne v. Universal Recovery, Inc.*, 2011 WL 7415414, at *2 (N.D. Tex. Dec. 7, 2011), *report and recommendation adopted*, 2012 WL 593483 (N.D. Tex. Feb. 17, 2012); *VirnetX Inc. v. Apple Inc.*, 2013 WL 7760959, at *3 (E.D. Tex. July 22, 2013); *Andrews v. United States*, 2007 WL 2315964, at *2 (E.D. Tex. Aug. 10, 2007); *Caruso v. Allstate Ins. Co.*, 2007 WL 625830, at *11 (E.D. La. Feb. 26, 2007); *In re Offshore Diving & Salvaging, Inc.*, 1999 WL 407545, at *2 (E.D. La. June 18, 1999); *Dowkin v. City & Cnty. of Honolulu*, 2014 WL 4904952, at *7 (D. Haw. Sept. 30, 2014); *Stull v. YTB Intern., Inc.*, 2010 WL 3613939, at *1-3 (S.D. Ill. Sept. 8, 2010); *Bell v. Alltel Comm'cns, Inc.*, 2008 WL 4646146, at *4 (W.D. Pa. Oct. 17, 2008); *Ferrell v. Wyeth-Ayerst Labs., Inc.*, 2005 WL 2709623, at *2 (S.D. Ohio Oct. 21, 2005).

In determining whether to stay a case pending the outcome of an appeal in a separate case, courts consider the likelihood that the appeal will be successful and whether it would necessarily have an impact on the first case. In *Miller Weisbrod*, for example, Judge Boyle rejected a request for stay based on a "speculative" claim that the judgment in a separate case would be reversed on appeal and moot the key issue in the case. *Miller Weisbrod*, 2014 WL 2738231, at *1, 4. Other cases similarly consider the likelihood of an impact from appellate rulings in the other case. *David v. Signal Intern., LLC*, 37 F. Supp. 3d 836, 840 (E.D. La. 2014) ("The hardship and inconvenience that would result from a stay substantially outweighs any benefit, especially in light of the fact that mandamus relief is unlikely to be granted. Accordingly, the court will not issue a stay." (footnotes omitted)); *In re Offshore Diving &*

*Salvaging*, 1999 WL 407545, at \*2 ("Because the ultimate result of the *Stern* litigation may do nothing to resolve the issue on this appeal, granting a stay is not in the interest of justice").

In considering the likelihood of success in the appeal of another case, requests for stays pursuant to the Court's inherent power are like requests for other stays pending an interlocutory appeal of the same case.[1]   When a party seeks interlocutory review of a class certification decision under Rule 23(f) – which is functionally equivalent to what the *Greco* Plaintiffs are seeking here – stays are "extremely rare."  *M.D. v. Perry*, 2011 WL 7047039, at \*1 (S.D. Tex. July 21, 2011); *In re Mounce*, 2008 WL 2714423, at \*6 (Bankr. W.D. Tex. July 10, 2008). Courts considering a request for such a stay apply a four-factor test looking at (i) the likelihood of success on the merits; (ii) whether the movant has made a showing of irreparable injury if the stay is not granted; (iii) harm to the other parties if a stay is granted; and (iv) the public interest. *Perry*, 2011 WL 7047039, at \*1 (quoting *In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir.1987)); *In re Mounce*, 2008 WL 2714423, at \*1, 6; *see also Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) ("a stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting").  These are also the factors used when courts consider a stay pending interlocutory appeals under 28 U.S.C. § 1292(b).  *E.g.*, *Ball v. LeBlanc*, 2014 WL 231920, at \*1-3 (M.D. La. Jan. 17, 2014); *In re ASARCO, LLC*, 2009 WL 1392627, at \*3 (S.D. Tex. May 15, 2009).  Indeed, interlocutory appeals of merits decisions cannot even occur unless there is a "substantial ground for difference of opinion" on a controlling question of law.  28 U.S.C. § 1292(b).

---

[1]   Plaintiffs imply in a footnote that courts only consider likelihood of success if the appeal is within the same case, but not when the appeal is in a different case.  That position is wrong and would make no sense.  If the other appeal is not shown to be likely to have a dispositive impact on the current case, there would be literally no reason whatsoever for a stay.

**NFL'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

I.      **Plaintiffs' Bare Speculation That *Ibe* May Be Reversed and That Such a Reversal Could Affect this Case Does Not Warrant a Stay of this Case.**

Plaintiffs' argument that a "potential" reversal of this Court's rulings in *Ibe* "could" affect this case, Motion at 2, is purely speculative and does not justify a stay.  Plaintiffs have not even attempted to demonstrate a likelihood of success in the *Ibe* appeal.  Nor have they shown that "potential" success in the *Ibe* appeal would mean this case would not go forward.  There is no reason to believe that the Fifth Circuit is likely to reverse this Court's rulings in *Ibe*. Plaintiffs rely most heavily on their request that the Fifth Circuit "revisit" the denial of class certification.  Motion at 6.  That will require Plaintiffs to show that this Court committed an "abuse of discretion" in denying certification or applied the wrong legal standard.  *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998).  Plaintiffs have provided no reason to believe this Court's class certification ruling was incorrect, much less an "abuse of discretion" likely to be reversed under the deferential standard of review.  To the contrary, the highly-individualized nature of the trial evidence and verdict in *Ibe* only confirmed this Court's judgment that the case could not be tried on a class-wide basis.[2]

Nor have Plaintiffs provided any reason to believe that the Fifth Circuit is likely to reverse this Court's rulings on the NFL's dismissal and summary judgment motions.  Those rulings were based on straightforward readings of the plain language of the Super Bowl XLV ticket contract and application of well-settled legal principles such as privity of contract and the independent injury/economic loss rule.  There is no reason to believe this Court got those issues wrong.  Indeed, in a separate case arising from Super Bowl XLV, the Third Circuit has already

---

[2]     For example, some of the obstructed view plaintiffs (Fortune and Hoffman) won their breach of contract claim while another (Young) voluntarily dismissed her claim with prejudice once it became clear that the NFL would be permitted to introduce a photograph and video taken from an adjacent seat showing an unobstructed view of the field.  Similarly, the trial evidence related to the displaced and relocated plaintiffs focused almost entirely on their individual experiences and damages.

affirmed dismissal of all tort claims asserted by displaced ticketholders, agreeing with this Court that such claims sound only in contract. *Pollock v. Nat'l Football League*, 553 F. App'x 270, 270-71 (3d Cir. 2014).

By far the most likely outcome is that the Fifth Circuit will affirm all of this Court's rulings in *Ibe*. Moreover, even if the Court indulges Plaintiffs' conjecture that the Fifth Circuit might reverse some part of the *Ibe* case, it is not at all clear that any such reversal would have any impact on the *Greco* case. Contrary to Plaintiffs' argument, a reversal of some or all of the Court's decision denying class certification in *Ibe* will not make the *Greco* case disappear.[3] The *Greco* Plaintiffs filed their individual claims before the class certification decision in *Ibe*, and have continued to litigate their individual claims for nearly two years after class certification was denied. If a ruling on class certification by the Fifth Circuit in *Ibe* was truly a show stopper for the *Greco* case, as Plaintiffs now contend, Plaintiffs' counsel would have sought an immediate interlocutory appeal under Rule 23(f) after class certification was denied and a stay of the *Greco* case at that point. Their choice not to do so speaks volumes.[4]

## II.   Plaintiffs' Request for a Stay Should Be Denied Because the Proposed Stay is for an Indefinite Period.

Plaintiffs' requested stay should also be denied because it is for an indefinite period of time. The Fifth Circuit has made clear that "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Wedgeworth*, 706 F.2d at 545. That is exactly what Plaintiffs here are requesting. The *Ibe* appeal is in its infancy. It is impossible to predict with

---

[3]   Plaintiffs cite three of this Court's cases regarding the "first to file rule." Motion at 7 n.5. None of those cases has anything to do with class actions, class certification, or the interaction between individual claims and class claims. *See Am. Home Mortgage Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F. Supp. 2d 648, 651-52 (N.D. Tex. 2010, Lynn, J.); *Wells Fargo Bank, N.A. v. W. Coast Life Ins. Co.*, 631 F. Supp. 2d 844, 846 (N.D. Tex. 2009, Lynn, J.); *Eastman Med. Products, Inc. v. E.R. Squibb & Sons, Inc.*, 199 F. Supp. 2d 590, 594 (N.D. Tex. 2002, Lynn, J.).

[4]   In addition, at least 45 of the *Greco* Plaintiffs were sitting in sections that were not included within the definitions of the classes that the *Ibe* Plaintiffs attempted to certify.

any degree of certainty when the Fifth Circuit will rule, and it could easily be more than a year. Such a long, open-ended stay is "immoderate" and "indefinite." *Id.* ("[T]he bankruptcy proceedings are not likely to conclude in the immediate future. A stay hinged on completion of those proceedings is manifestly 'indefinite.'"); *McCall v. Peters*, 2003 WL 22083507, at *2 (N.D. Tex. Feb. 18, 2003) ("Plaintiff also fails to state the potential duration of the requested stay. Thus, granting Plaintiff's motion at this time would create a stay of indefinite duration."); *Andrews*, 2007 WL 2315964, at *2 (requested "stay would be immoderate and indefinite" where "there is no guaranteed estimate of how long the appeal to the Texas Supreme Court will take").[5]

The indefinite nature of the requested stay and other timing issues make this a very different case than *Trinity*, on which Plaintiffs heavily rely. *Trinity* involved a contract dispute. *Trinity Indus., Inc. v. 188 L.L.C.*, 2002 WL 1315743, at *1 (N.D. Tex. June 13, 2002). 188 L.L.C. sued Trinity in the Northern District of Illinois for breach of contract. *Id.* Trinity successfully moved to dismiss, and 188 L.L.C. appealed the dismissal to the Seventh Circuit. *Id.* While the appeal was pending before the Seventh Circuit, Trinity sued 188 L.L.C. in the Northern District of Texas, filing essentially a counterclaim on the same contract. *Id.* Before even filing an answer, 188 L.L.C. moved for a stay of the Texas case pending the Seventh Circuit appeal. *Id.* By the time the court came to a decision on the motion to stay, the Seventh Circuit had already heard argument, so the Seventh Circuit decision was imminent. *See id.* The court therefore found "that this stay is by no means indefinite." *Id.* at *3.

The timing here is very different from the timing in *Trinity*. First, the party seeking a stay in *Trinity* did so immediately after the second case was filed, before filing an answer. *Id.* at

---

[5]    *See also VirnetX Inc.*, 2013 WL 7760959, at *3 ("It is uncertain when the Federal Circuit will hear the appeal, let alone decide the appeal. Therefore, it would be imprudent to delay this case based upon speculation about what might happen."); *Stull*, 2010 WL 3613939, at *3 ("[I]n the Court's experience appeals often can take far longer to resolve than ten or eleven months. The Court is not inclined to grant such an open-ended stay for so indefinite a period.").

1.  Here, in contrast, Plaintiffs actively litigated their individual claims for over two years before seeking a stay.  Second, the stay in *Trinity* was not "indefinite" because the Seventh Circuit decision was imminent.  Here, it will be a prolonged and indefinite amount of time before the Fifth Circuit resolves the *Ibe* case.  *Trinity* does not support staying this case, which has already been separately litigated for two years, for an indefinite period of time while the *Ibe* case is on appeal.

**III.     A Stay Would Not Serve Judicial Economy or the Interests of the Parties.**

The interests of judicial economy and the parties further weigh against staying this case. This case has been pending for more than two years and relates to events occurring more than four years ago.  The Court has already ruled on motions to dismiss, and the parties have devoted substantial time and resources into discovery and pushing this case toward a first bellwether trial. Most of the discovery in the first bellwether phase is complete and the NFL will soon be in a position to file its motion for summary judgment.  The issues are top-of-mind and ready for prompt resolution.  *See Stull*, 2010 WL 3613939, at \*2-3 (denying stay where "the Court is intimately familiar with the subject matter of this case and is well-situated to rule on issues disputed between the parties with dispatch").  In addition, an important motion related to whether Plaintiffs can recover attorneys' fees is pending.  These and other issues related to the individual Plaintiffs' claims will need to be resolved no matter what happens with the *Ibe* appeal.  *Miller Weisbrod*, 2014 WL 2738231, at \*4 ("[T]his case has been pending for over a year and has been substantially briefed such that it would likely promote judicial economy to proceed to a decision on the merits.  No matter the decision of the state appellate court, the parties' dispute is properly presented and will have to be decided eventually by this Court, and there is no reason why this decision cannot be reached pursuant to the current deadlines set in the scheduling order." (citation omitted)).

Issuing the requested stay would be a major step backwards for everyone.  A stay would significantly delay the resolution of Plaintiffs' claims, which are already four years old, and impair the parties' ability to present their cases because "[w]ith the passage of time, memories fade and litigation costs increase."  *McCall*, 2003 WL 22083507, at \*2; *see also Andrews*, 2007 WL 2315964, at \*2 ("[i]mposing a potentially lengthy stay" would impair Defendants' ability to put forth a defense to Plaintiff's claims, especially given the pending dispositive motions because "as time passes, memories fade, witnesses move and costs increase").  Indeed, Plaintiffs' counsel previously acknowledged that this case should proceed forward expeditiously "in light of the age of the case, etc."  Def. App. Ex. B at App. 13 (December 9, 2014 email from Plaintiffs' counsel).

It will likely be a year or more before the *Ibe* appeal is decided.  If this case is stayed, no progress will be made during that time.  When the stay expires, the case will likely be back in the same position it is now, except the issues and the evidence will be stale and the parties and the Court will waste time and resources getting back up to speed.  Only then would the Court begin to address dispositive motions, set the first set of bellwether cases for trial, and begin to come up with a plan on the claims of the approximately 160 Plaintiffs who are not part of the first bellwether phase.  Rather than staying this case indefinitely as Plaintiffs propose, the parties and Court should press forward so this case can finally be brought to a resolution.

## CONCLUSION

For the reasons set forth above, the NFL respectfully requests that this Court deny Plaintiffs' Motion to Stay Proceedings in its entirety and grant any and all additional relief to which the NFL may be entitled.

May 4, 2015

By: /s/ R. Thaddeus Behrens
George Bramblett, TBN 02867000
george.bramblett@haynesboone.com
R. Thaddeus Behrens, TBN 24029440
thad.behrens@haynesboone.com
Daniel H. Gold, TBN 24053230
daniel.gold@haynesboone.com
Scott Ewing, TBN 24065214
scott.ewing@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000
(214) 651-5940 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**NATIONAL FOOTBALL LEAGUE**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 4th day of May, 2015 on the individuals listed below:


Christopher S. Ayres
AYRES LAW OFFICE, PC
4350 Beltway Drive
Addison, Texas 75001
(972) 386-0091 (Facsimile)

Michael J. Avenatti
Ahmed I. Ibrahim
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
(949) 706-7050 (Facsimile)


/s/ R. Thaddeus Behrens
R. Thaddeus Behrens