UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH GRECO, JULES BRODSKY, TODD J. CHRISTENSON, WILLIAM DICKIE, et al.,<br><br>*Plaintiffs,*<br><br>VS.<br><br>JERRAL "JERRY" WAYNE JONES, NATIONAL FOOTBALL LEAGUE, DALLAS COWBOYS FOOTBALL CLUB, LTD., JWJ CORPORATION, COWBOYS STADIUM, L.P., COWBOYS STADIUM GP, LLC, and BLUE & SILVER, INC.,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § §<br><br>C.A. No. 3:13-CV-1005-M |

### APPENDIX IN SUPPORT OF DEFENDANT NATIONAL FOOTBALL LEAGUE'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY PROCEEDINGS

| Ex. | Description | App. Page(s) |
|---|---|---|
| A | Excerpts from Transcript of Scheduling Conference dated Feb. 25, 2014 | App. 1 – App. 12 |
| B | Email from Michael Avenatti to Lori Greco et al. dated Dec. 9, 2014 | App. 13 – App. 15 |

| | |
|---|---|
| May 4, 2015 | By: /s/ R. Thaddeus Behrens<br>George Bramblett, TBN 02867000<br>george.bramblett@haynesboone.com<br>R. Thaddeus Behrens, TBN 24029440<br>thad.behrens@haynesboone.com<br>Daniel H. Gold, TBN 24053230<br>daniel.gold@haynesboone.com<br>Scott Ewing, TBN 24065214<br>scott.ewing@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219<br>(214) 651-5000<br>(214) 651-5940 (Facsimile)<br><br>**ATTORNEYS FOR DEFENDANT<br>NATIONAL FOOTBALL LEAGUE** |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon its filing via this Court's CM/ECF system on this 4th day of May, 2015 on the individuals listed below:

| | |
|---|---|
| Christopher S. Ayres<br>AYRES LAW OFFICE, PC<br>4350 Beltway Drive<br>Addison, Texas 75001<br>(972) 386-0091 (Facsimile) | Michael J. Avenatti<br>Ahmed I. Ibrahim<br>EAGAN AVENATTI, LLP<br>520 Newport Center Drive, Suite 1400<br>Newport Beach, CA 92660<br>(949) 706-7050 (Facsimile) |

/s/ R. Thaddeus Behrens
R. Thaddeus Behrens

# EXHIBIT A

```
 1            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
 2                     DALLAS DIVISION

 3

    JOE GRECO, et al.,            )
 4                                )
                  Plaintiffs,  )
 5                                )  No. 3:13-CV-01005-M
                                  )
 6  JERRAL "JERRY" WAYNE JONES,   )
    et al.                        )
 7                Defendants.  )

 8
              TRANSCRIPT OF SCHEDULING CONFERENCE
 9        BEFORE THE HONORABLE BARBARA M. G. LYNN
                TUESDAY, FEBRUARY 25, 2014
10                    DALLAS, TEXAS

11  APPEARANCES:

12  FOR THE PLAINTIFFS:    MR. CHRISTOPHER S. AYRES
                           LAW OFFICES OF R. JACK AYRES, JR., P.C.
13                         4350 BELTWAY DRIVE
                           ADDISON, TEXAS  75001
14                         (214) 991-2222
                           csayres@ayreslawoffice.com
15
                           MR. AHMED IBRAHIM (BY TELEPHONE)
16                         EAGAN AVENATTI, LLP
                           450 NEWPORT CENTER DRIVE
17                         SECOND FLOOR
                           NEWPORT BEACH, CALIFORNIA  92660
18                         (949) 706-7000
                           aibrahim@eoalaw.com
19

20

21

22

23

24

25
```

```
 1  But that's not true.  I'm not doing that.  I'm not doing that.
 2  That may be that they're trying to get the benefit of it.  But
 3  once we talk about bellwether trials, they sound, to some
 4  extent, like class actions.
 5           We've already passed the rubicon on that.  We're
 6  going to have bellwether trials, which could indeed
 7  potentially have collateral estoppel ramifications and also
 8  will give everybody a look-see of how you think your best
 9  cases are going to come out and they think their best ones are
10  going to come out.
11           And there are issues on which I am sympathetic to
12  that point, but I don't know what that has to do with this
13  issue.
14           MR. AYRES:  Well, I think -- well, my point is,
15  this isn't one proceeding; it's several.  And so there's
16  really two main things I would say.  The fire marshal, for
17  example, right, Your Honor?  So he may -- he may go through
18  one, and you may decide that his testimony, which was sworn in
19  court, is going to be read in subsequent proceedings, okay?
20           There's 234 people that have to be resolved.  Maybe
21  they settle; maybe they don't.  The same issue is going to be
22  presented each time one of these comes to trial.  That's the
23  nature of why you have bellwethers, is to see if you get a
24  sampling.
25           If we do the way that you proposed, which is to do
```

```
 1   all four separate with two juries, you then have a six-jury
 2   sampling on all of these things that the NFL claims to be
 3   somewhat related.  You would you two verdict on displaced, two
 4   on delayed and two on relocated, which gives us a bigger
 5   sample size.
 6            THE COURT:  Well, hold your thought there, because
 7   I am not sympathetic to the issue on Simms.
 8            You guys didn't want a class action.  That case has
 9   been pending a long time, and those folks are going to get
10   their trial.  So I'm not counting eight Simms defendants on
11   this procedure.
12            MR. AYRES:  Okay.
13            THE COURT:  Unless you want to roll them into it.
14   You're not going to win on that.  I've read your papers.  I
15   take your point.  I'm rejecting your point.
16            And it's on this, Mr. Ayres, that I'm sympathetic
17   to you on this class action issue.  They didn't want it and
18   now they're trying to roll them in there like we have one, and
19   we don't.
20            And the fact that you guys are the lawyers for
21   everybody doesn't mean that the Simms plaintiffs don't get
22   their day in court.  They do.  And they're not in with the
23   Greco defendants, and they're going to get a trial.  So we're
24   going to figure out -- now, it may very well be that you want
25   to propose to me a different way of handling them.  But if you
```

```
 1  don't, those folks are going to go to trial together.
 2          MR. AYRES:  Okay.  We appreciate that, Your Honor,
 3  and we think that the case is ready and we agree with the
 4  Court's ruling.
 5          THE COURT:  Okay.  But now that I've done that,
 6  Mr. Ayres, I hope you're going to be more amenable to what
 7  we're talking about here.
 8          You are right that conceivably the fire marshal
 9  will have to testify 240 times.  I can't make your plaintiffs
10  waive their right to live testimony in court just because I
11  wish they would and because you represent them all.  They're
12  not a class action.  And so in my view, I can't force that
13  down their throats.  It's foolish, it's expensive, and I think
14  lawyers, who I suspect are on a contingency fee, are going to
15  be reasonable about not doing that.
16          And so you may agree that the fire marshal doesn't
17  have to testify, but I can't give you live recorded testimony,
18  because I can't record it in here.  So I can't answer the
19  question about whether we're actually going to have a bunch of
20  those trials or we're not, unless you guys agree to be bound
21  on behalf of all of your clients -- you both have to agree
22  that you would be bound by outcome.
23          Now, they may be stuck.  The defense may be stuck
24  as a matter of collateral estoppel with outcome being
25  dispositive, depending on what the outcome is.  You won't,
```

```
 1                From our perspective, I think if we can know when
 2   the bellwether is going to occur, how it's going to occur
 3   and...
 4                THE COURT:  I --
 5                MR. AYRES:  -- I think I can work with Mr. Behrens.
 6                THE COURT:  Well, I guess that I want to know --
 7   the first step is, are you going to add anybody in to the
 8   Simms case for purposes of expanding the bellwether nature of
 9   that.  And the answer to that is yes or no.
10                If you say no, it's no.  You didn't want a class
11   action, those people aren't in Simms, and you can't make them
12   go in Simms.  And Mr. Dodge can say no and Mr. Ayres can say
13   no.
14                So if they say no, then there is a more pressing
15   responsibility that I feel to get you bellwethers in Greco
16   sooner rather than later.  But that's going to put a lot of
17   burden on everyone.
18                It may very well be that all -- everyone is best
19   served by -- because I'm giving you a pretty firm trial date
20   in Simms and that you give Simms some contours that make it a
21   more meaningful outcome for everyone, that may put less
22   pressure on the bellwethers in Greco.  And I kind of -- I need
23   to know that to see if I'm going to have to find a slot for it
24   in the fall or winter, or whether I want to wait on the
25   outcome of Simms and say to you I'm going to give you a
```

```
 1  time that works for everyone.  I'm good all afternoon.
 2              MR. AYRES:  We can do it at anytime before 4:30.
 3              THE COURT:  Okay.
 4              MR. AYRES:  I'll handle it if need be.
 5              THE COURT:  Let's say two o'clock.
 6              MR. IBRAHIM:  Okay.  And, Your Honor, if I may jump
 7  in, and -- we may be able to discuss this on the next call --
 8  we also had a request that we be allowed to take discovery in
 9  the Greco case from the defendants and third parties.  I don't
10  know if Your Honor had a chance to think about that.
11              THE COURT:  Well, I'm not going to let you start
12  discovery before I let them make a decision who the discovery
13  plaintiffs are.  So all of that is going to tee off at the
14  same time.
15              MR. IBRAHIM:  I think our request was, we took
16  discovery from the NFL and some third parties in the Simms
17  case.  And I think if -- the defendants are opposing our
18  request to be able to take certain discovery in this case, in
19  the Greco case, and our view is that, you know, under the
20  federal rules, this is a completely separate case,
21  representing different plaintiffs, we should be able to take
22  whatever discovery we believe is necessary in this case,
23  subject to the rules.
24              You know, for example, under Rule 30, we've done
25  ten depositions.  You know, I believe we have somewhat of a
```

```
 1  headstart and thousands of documents were already produced in
 2  the Simms case and that -- it sounds like the plaintiffs are
 3  not opposed to those being produced and usable in the Greco
 4  case, but I -- I think, number one, in the Simms case, it was
 5  a class action, and a lot of our discovery was geared towards
 6  class issues.  That's number one.
 7            Number two, I think our strategy for discovery in
 8  the Simms case was for the Simms case and not for the Greco.
 9  And I don't think we anticipated at that time that any
10  discovery we were taking in that class would preclude us
11  from -- or would be the discovery --
12            THE COURT:  All right.  Let me interrupt you for a
13  minute.  I don't understand the basis, if it is the position
14  of the NFL, to say -- I'm going to use Roger Goodell just as
15  an example, because I think if Roger Goodell is noticed,
16  there's going to be a motion for protective order, but I'm
17  going to use him, because I know his name.
18            The fact that Roger Goodell has been deposed in the
19  Simms case, when the defendants opposed certification of a
20  class, the mere fact that he's already been deposed once by
21  the same lawyers who represent different parties is not likely
22  to be granted by me.
23            MR. BEHRENS:  Your Honor, back to efficiency, as we
24  come down to a protective order that I would submit.  The
25  plaintiffs got exhaustive discovery in the Simms case.
```

```
 1              THE COURT:  The Simms plaintiffs got exhaustive
 2   discovery.
 3              You cannot have this both ways, Mr. Behrens.  You
 4   can't act like this is a class action and so the lawyers who
 5   represented the class plaintiffs are stuck with the discovery
 6   they did when you opposed it being a class action.
 7              These plaintiffs in the Greco case were not in the
 8   Simms case and they're not bound by the Simms discovery and
 9   they get to do it again.
10              MR. BEHRENS:  Your Honor, we tried very hard to
11   limit the discovery to the eight plaintiffs and to limit it to
12   class issues.  And that was opposed and overruled.
13              Their discovery went to the entire stadium.  They
14   got four years worth of documents.  They got to depose
15   everybody they wanted to depose.
16              THE COURT:  They're different people.  They're
17   different people.  They have the same lawyers and they're
18   different people.  They're not bound by it.
19              If you hit it out of the park in the Simms case,
20   you win everything, you will still be facing 240 trials.  And
21   that was your call.  You opposed the class and you can't have
22   the benefit of having one.
23              MR. BEHRENS:  I'm not asking for the benefit of
24   having one.  I'm saying that in this case, this particular
25   discovery has been done by these lawyers already.
```

```
 1                    THE COURT:  So what.
 2                    MR. BEHRENS:  And if they want to take it again, we
 3       would end up producing the same thing again.
 4                    THE COURT:  Okay.  That's the way it's going to be.
 5                    MR. BEHRENS:  Now, we have a situation where the
 6       plaintiffs in three years of litigation have taken exhaustive
 7       discovery over everything related to the entire putative class
 8       claims.  And we know next to nothing about the 234 plaintiffs
 9       who did not accept the reimbursement offers that we made three
10       years ago and who we cannot at this moment find out what their
11       expenses were or even what they're --
12                    THE COURT:  Okay.  We're moving backwards.  I've
13       already authorized you getting that.  You're going to get it.
14       It is -- I expect that I'm going to get motions for protective
15       order.  And to the extent those motions for protective order
16       go to, the documents that you were requesting are in the
17       possession of plaintiffs' counsel and they should be
18       produced -- plaintiffs' counsel in Simms and they should be
19       made available to the plaintiffs in Greco, so you're serving
20       exactly the same document requests again, you are very likely
21       to be shut down by me if that happens, Mr. Ibrahim.  But if
22       they notice again your same client reps who were deposed, I'm
23       going to take that on a case-by-case basis, but I'm likely to
24       let them do it again, because these plaintiffs are not bound
25       by the discovery that was done in the Simms case.
```

```
 1                MR. BEHRENS:  Okay.  With respect to --
 2                MR. IBRAHIM:  Your Honor --
 3                THE COURT:  Mr. Ibrahim, stop talking for a moment,
 4   please.  I'm going to hear from Mr. Behrens, and then I'll
 5   hear from you.
 6                MR. BEHRENS:  With respect to what we've now said
 7   in the Greco cases, our hands are tied and limited to the
 8   discovery we're allowed to take to these abbreviated
 9   interrogatories which we proposed in the fact sheet and three
10   categories of documents, and we are never going to get
11   discovery of the 234 until -- we will be limited to the
12   discovery plaintiffs in taking their depositions.
13                If we are going to start over like the last three
14   years didn't happen, we should be deposing 234 people and --
15                THE COURT:  Okay.
16                MR. BEHRENS:  -- we should not be limited, and we
17   should have these people come up -- and especially given the
18   history of this case, in that the ten Simms plaintiffs who
19   started, two decided not to answer discovery and chose to
20   voluntarily dismiss their claims.  Many do not have expenses
21   that exceeded the offers we made three years ago.  If history
22   is a guide, that is going to repeat itself, and we should be
23   permitted to do discovery.
24                What we tried to do is a reasonable approach that's
25   accommodating to the plaintiffs, who happen to be our fans and
```

```
 1  customers, and to limit the discovery in that way.
 2              THE COURT:  Okay.
 3              MR. IBRAHIM:  Your Honor, may I respond?
 4              THE COURT:  Just a second, please.
 5              Mr. Behrens, I recognize that when I was a trial
 6  lawyer, probably about 75 percent of what I said in court when
 7  I felt like I was losing was to make myself feel better.  So I
 8  hope you feel better.  But nothing you said changed my views
 9  about anything I said.
10              You are in part in this position -- I'm not being
11  critical of the strategy call at all, because you ended up
12  prevailing.  But part of the consequence of this not being a
13  class action is that you are faced with double discovery, and
14  these are different people who are not bound by the discovery
15  that has happened.  That's the way I felt about it when I
16  started this conversation.  That's the way I feel about it
17  now.  That's the way it's going to be.
18              Now, if you feel that you are being oppressed and
19  mistreated by particular discovery, particularly paper
20  discovery, I will be very amenable to putting the kibosh on
21  it, because there is absolutely no reason why documents
22  produced in the Simms case cannot be made available to the
23  plaintiffs in the Greco case.
24              In terms of depositions that were taken in the
25  Simms case, they are admissible for purposes of impeachment in
```

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3             I, D. Keith Johnson, RDR, CRR, Federal Official
 4    Realtime Court Reporter, in and for the United States District
 5    Court for the Northern District of Texas, do hereby certify
 6    that pursuant to Sections 753, Title 28, United States Code,
 7    that the foregoing is a true and correct transcript of the
 8    stenographically reported proceedings held in the
 9    above-entitled matter and that the transcript format is in
10    conformance with the regulations of the Judicial Conference of
11    the United States.
12                   Dated this 3rd day of March, 2014.
13
14                   /s/ D. KEITH JOHNSON_____
                     D. KEITH JOHNSON, RDR, CRR
15                   TEXAS CSR NO. 3781
                     FEDERAL OFFICIAL COURT REPORTER
16                   1100 COMMERCE STREET, ROOM 1572
                     DALLAS, TEXAS   75242
17                   214.753.2325
18
19
20
21
22
23
24
25
```

# EXHIBIT B

| | |
|---|---|
| **From:** | Michael J. Avenatti <mavenatti@eaganavenatti.com> |
| **Sent:** | Tuesday, December 09, 2014 2:13 PM |
| **To:** | 'Lori_Greco@txnd.uscourts.gov' |
| **Cc:** | Christopher Ayres; Behrens, R. Thaddeus; Ahmed Ibrahim |
| **Subject:** | RE: Scheduling in Greco |

Thank you Lori.  We are available at either time.  Plaintiffs position regarding the trial dates is as follows:

The first seat availability trial in Grecco should proceed in April with the second trial immediately thereafter.  Once the trial dates are set, the parties and the court can then fashion a scheduling order that makes sense for pre-trial motions, etc., especially seeing as the Simms trial is set in March and may have far reaching collateral estoppel effect on the NFL and the remaining claims.  In no event should the first Grecco trial be set well into the Summer or beyond in light of the age of the case, etc.

Thank you again.

Michael


Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Lori_Greco@txnd.uscourts.gov [mailto:Lori_Greco@txnd.uscourts.gov]
**Sent:** Tuesday, December 09, 2014 11:55 AM
**To:** Michael J. Avenatti
**Cc:** Christopher Ayres; Behrens, R. Thaddeus
**Subject:** Re: Scheduling in Greco

Ok I can get a phone call set up for tomorrow @ 10:15am.  Judge Lynn is still in trial so it would need to be at that time if you can do that **OR 3:15**. She asked that the parties write to me with their respective positions on the proposed trial date for Greco.

Mr. Behrens, could you get a dial in # for us again?

thanks,

LAG

---

Lori Anne Greco
Court Coordinator to
U.S. District Judge Barbara M. G. Lynn
Federal District Court for the Northern District of Texas
1100 Commerce, Room 1572
Dallas, Texas 75242
214.753.2421
lori_greco@txnd.uscourts.gov

| | |
|---|---|
| From: | "Michael J. Avenatti" <mavenatti@eaganavenatti.com> |
| To: | "Lori_Greco@txnd.uscourts.gov" <Lori_Greco@txnd.uscourts.gov> |
| Cc: | Christopher Ayres <csayres@ayreslawoffice.com>, "Behrens, R. Thaddeus" <Thad.Behrens@haynesboone.com> |
| Date: | 12/09/2014 11:32 AM |
| Subject: | Re: Scheduling in Greco |

---

I am sorry Lori, I understood that Judge Lynn subsequently spoke with Judge Overstreet and they confirmed that March 2 was okay for the Simms trial.  I learned this from Judge Overstreet's clerk late last week and thought you were aware as well.

Best,

Michael

Michael J. Avenatti, Esq.

On Dec 9, 2014, at 9:26 AM, "Lori_Greco@txnd.uscourts.gov" <Lori_Greco@txnd.uscourts.gov> wrote:

Did I miss an email from the parties re: confirming conversation with Judge Overstreet that she is ok with Judge Lynn setting Simms matter for March 2?

thanks,

LAG

---

Lori Anne Greco
Court Coordinator to
U.S. District Judge Barbara M. G. Lynn
Federal District Court for the Northern District of Texas
1100 Commerce, Room 1572
Dallas, Texas 75242
214.753.2421
lori_greco@txnd.uscourts.gov

2

**App. 14**

| | |
|---|---|
| From: | "Michael J. Avenatti" <mavenatti@eaganavenatti.com> |
| To: | "'Lori_Greco@txnd.uscourts.gov'" <Lori_Greco@txnd.uscourts.gov>, "Behrens, R. Thaddeus" <Thad.Behrens@haynesboone.com> |
| Cc: | 'Christopher Ayres' <csayres@ayreslawoffice.com> |
| Date: | 12/08/2014 05:54 PM |
| Subject: | Scheduling in Greco |

Lori:

Good afternoon.  We have conferred with counsel for the NFL regarding the trial date in the Greco case (not Simms, which is set for early March) and unfortunately have not been able to agree.  Is the Court available for a trial setting call this week, preferably this Wednesday?

Thank you in advance.

Best,

Michael

Michael J. Avenatti, Esq.
Eagan Avenatti, LLP
450 Newport Center Drive, Second Floor
Newport Beach, CA  92660
Tel:  (949) 706-7000
Fax: (949) 706-7050
Cell: (949) 887-4118
mavenatti@eaganavenatti.com

The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.