UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH GRECO, JULES BRODSKY, TODD J. CHRISTENSON, WILLIAM DICKIE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JERRAL "JERRY" WAYNE JONES, NATIONAL FOOTBALL LEAGUE, DALLAS COWBOYS FOOTBALL CLUB, LTD., JWJ CORPORATION, COWBOYS STADIUM, L.P., COWBOYS STADIUM GP, LLC, and BLUE & SILVER, INC.,<br><br>Defendants. | Civil Action No. 3:13-CV-1005 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF THE APPEAL IN THE RELATED *IBE* MATTER**

1

## I.     INTRODUCTION

None of the NFL's arguments in opposition to Plaintiff's Motion for Stay has any merit for two principal reasons.[1]

*First*, the NFL urges the Court to apply an incorrect legal standard. Plaintiffs' motion for stay is based on the Court's discretionary authority to grant a stay while a *separate* parallel federal action is pending under the Supreme Court's decision in <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936). <u>Landis</u>, and the numerous decisions in this circuit that have followed <u>Landis</u>, call upon the district court to consider, among other things, the interests of each party and the conservation of judicial resources. The NFL, on the other hand, asks the Court to consider the likelihood of success on the merits and other factors that apply *only to a request for stay based on the pendency of an appeal in the same action*.

*Second,* the NFL completely ignores the sweeping practical ramifications on the work done, and resources spent, by the parties and the Court in the event the Fifth Circuit reverses even one of the issues before it on appeal. Whether it be reversal on class certification, reinstitution of the Cowboys Defendants, or restoring one or more claims dismissed in the case, the Fifth Circuit's opinion in the <u>*Ibe*</u> appeal is positioned to have significant consequences on the present case. Therefore, to require the parties and the Court to spend significant time and resources to deal with, among other things, 20 bellwether trials, over 100 summary judgment motions, additional discovery, and numerous other issues, when all or much of this work may easily be undone depending on what the Fifth Circuit decides in the <u>*Ibe*</u> appeal, would sanction a waste of resources and be contrary to the interests of judicial economy.

---

[1] In an effort to show considerable restraint, Plaintiffs will refrain from addressing at length the ridiculous assertion by the NFL and its counsel that it won the *Ibe* trial, a trial after which this Court entered judgment for every Plaintiff based on the jury's verdict, including for those Plaintiffs that the NFL claimed were fabricating their claims of obstructed view.

Accordingly, Plaintiffs' Motion for a Stay should be granted.

## II. THE NFL URGES THE COURT TO APPLY AN INCORRECT LEGAL STANDARD

As a preliminary matter, the NFL urges the Court to apply an incorrect legal standard. Throughout its opposition, it argues that Plaintiffs must make a showing of a likelihood of success on appeal, among other factors. These factors, however, have no applicability to the motion before the court, which asks the Court to impose a discretionary stay based on the Supreme Court decision in Landis v. North American Co., 299 U.S. 248, 254-255 (1936) (in deciding whether to exercise the discretion to stay litigation, the Court should consider the interests of each party, as well as conservation of judicial resources), and the numerous decisions in this circuit that have followed Landis. [See Plaintiffs' Motion at 4-5.]

### A. A Showing of Likelihood of Success on Appeal Is Not Required in Connection With Plaintiffs' Motion for Stay Based on a Parallel District Court Proceeding.

The NFL contends that Plaintiffs must demonstrate a likelihood of success on the merits and other factors. [See Opposition at 4-5.] The NFL, however, is wrong under the law. Indeed, the factors the NFL argues the Court should consider in deciding Plaintiffs' motion *apply only* to an application to the *appellate* court to stay district court proceedings, see United States v. Baylor Univ. Med. Ctr., 711 F.2d 38 (5th Cir. 1983),[2] *or* to a request for an *injunction* pending appeal pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Hilton v. Braunskill, 481 U.S. 770 (1987). Accordingly, the cases cited by the NFL that involve appeals within the same lawsuit, are irrelevant to this analysis. See, e.g., VirnetX Inc. v. Apple Inc., No. 6:12-CV-855,

---

[2] See also Biltmore Associates, L.L.C., as Tr. v. Twin City Fire Ins. Co., No. 205-CV-04220-PHX-FJM, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007) (Baylor governs appellate court stays of district court); In re Miranne, 94 B.R. 413, 415 (E.D. La. 1988) ("as Baylor and each of the cases cited therein attest, the Baylor test is the test the circuit courts apply in determining whether to stay orders or judgments from district courts; none of the cases suggests that this test is to control where a district court is considering" a stay).

2013 WL 7760959, at *1 (E.D. Tex. July 22, 2013); M.D. v. Perry, No. CIV.A. C-11-84, 2011 WL 7047039, at *1 (S.D. Tex. July 21, 2011).

On the other hand, where, as here, a party requests a stay based on the pendency of an appeal in a related federal action that may "render an effective judgment on issues that are necessary to the disposition of the stayed litigation[,]" federal courts enjoy broad discretion. Cont'l Holdings, Inc. v. Liberty Mut. Ins. Co., No. CIVA 09-00595, 2009 WL 3179257, at *1 (W.D. La. Sept. 29, 2009).

Unlike the requests made in the cases cited by the NFL in its Opposition, Plaintiffs' motion for stay is based on parallel proceedings presently pending. Such a request is within the province of the Court's inherent power. Further, even the cases cited by the NFL acknowledge the Court's discretion to grant a stay. See, e.g., Ferrell v. Wyeth-Ayerst Labs., Inc., No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (involving, as here, two federal actions against the same defendant pending before the same judge, and explaining "***[t]here is no precise test*** in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy.") (emphasis added); see also Dowkin v. City & Cnty. of Honolulu, No. CIV. 10-00087 LEK, 2014 WL 4904952, at *6 (D. Haw. Sept. 30, 2014) (the Ninth Circuit considers "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could-be expected to result from a stay") (both cited in the NFL's Opposition at 4).[3]

---

[3] See also Estate of Heiser v. Deutsche Bank Trust Co. Americas, No. 11 CIV. 1608 AJN MHD, 2012 WL 2865485, at *3 (S.D.N.Y. July 10, 2012) aff'd, No. 11 CIV. 1608 AJN MHD, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012)

None of the cases cited by the NFL involve motions for stays pending appeals in related federal actions, which are governed by the inherent power of the district court. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). Under its inherent powers, the Court is accorded broad discretion, bound only by reason and moderation.

Accordingly, the analysis in the Motion for Stay Plaintiffs filed in this <u>Greco</u> litigation will be different than the analysis the Court employed in denying Plaintiffs' request for a stay in the related <u>Ibe</u> case. In the <u>Ibe</u> Motion for Stay, Plaintiffs conceded that the <u>Baylor</u> factors applied, with the only caveat that they are modified in the Fifth Circuit where there is an important issue of law involved. The Court correctly noted in its Order denying the stay that, under the law applicable to Plaintiffs' request in <u>Ibe</u>, a stay was "to be entered only when four conditions are met: (1) movant's likelihood of success on the merits; (2) irreparable injury to the movant if a stay is not granted; (3) a showing that the stay would not substantially harm the other party; and (4) a demonstration that the stay would serve the public interest." [Ibe D.E. 494, citing <u>Reading & Bates Petroleum Co. v. Musslewhite</u>, 14 F.3d 271, 275 (5th Cir. 1994) and <u>Baylor</u>). However, for the reasons set forth above, that is not the standard that governs this Motion.

**B.    Plaintiffs' Motion for Stay is Not Premised on Pending State Court Proceedings.**

The NFL's arguments opposing imposition of stay are also without merit because the NFL relies on cases involving requests for stay based on the pendency of *state* court proceedings. The present request is based on the pendency of a parallel *federal* court proceeding. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is

---

(New York courts "have frequently applied a five-factor test, which looks to:(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation . . . (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest").

no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .' As between federal district courts, however, *though no precise rule has evolved, the general principle is to avoid duplicative litigation*." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citations removed, emphasis added)).  Thus, Miller Weisbrod, LLP v. Klein Frank, PC, No. 3:13-CV-2695-B, 2014 WL 2738231 (N.D. Tex. June 17, 2014), the principal case the NFL relies on, is inapposite.  In that case, attorneys disputing a fee award asked the district court to stay the action pending an appeal in the state personal injury action that was the subject of the fee dispute.  2014 WL 2738231, at *4.  The case of Andrews v. United States, No. 4:05-CV-419, 2007 WL 2315964 (E.D. Tex. Aug. 10, 2007), is also distinguishable.  That case involved a motion for a stay pending resolution by the Texas Supreme Court of a state case with similar facts.  2007 WL 2315964, at *2.

### III. DENIAL OF THE REQUEST FOR A STAY CREATES AN UNNECESSARY RISK OF A SEVERE WASTE OF PARTY AND JUDICIAL RESOURCES.

The NFL maintains that because the risk of harm to Plaintiffs is low—based on its self-serving assessment of Plaintiffs' likelihood of success on the merits which, as pointed out above, is not a factor in the analysis before the Court—the NFL concludes that the Court should deny Plaintiffs' Motion for Stay as "speculative."  [See Opposition at 9-10.]  However, despite the NFL's efforts to cast Plaintiffs' motion as a motion for reconsideration of the matters involved in Plaintiffs' appeal, the relevant factors for the Court to consider are the harm to Plaintiffs if the stay is not granted, the harm to the NFL if it is, the balance of the interests, and judicial economy.  Landis, 299 U.S. at 254.

In sum, denial of a stay would create an unnecessary risk of wasting significant judicial and party resources on at least 20 trials, over 100 prospective summary judgment motions, the prospect of bringing in over 60 new defendants into the case, and numerous other issues that

would have to be dealt with—when a reversal on appeal in Ibe on even one issue would undo any final disposition in the present case. Thus, for example, a Fifth Circuit reversal of the Court's prior ruling in Ibe denying class certification will call into question whether this action should proceed as a mass tort case. By way of further example, an appellate court reversal of the order in Ibe dismissing the Cowboy defendants will require that the Cowboys defendants be reinstituted as defendants in this case. There are other questions raised in the Ibe appeal that similarly would redraw the landscape of the litigation, and require additional or different discovery and motion practice than what we might have without the pending appeal. These include the dismissal of certain fraud claims for the displaced class, the dismissal of video-board obstructed view claims, and disallowance of damages for missing pre-game activities. Each of these issues are as prevalent in this case as they are in Ibe.

Therefore, under the circumstances, the interests of the parties and preservation of judicial resources strongly warrant granting a stay. And because both Ibe and Greco are before this Court, the danger of undue delay is virtually non-existent.

### IV. THE PROPOSED STAY WOULD NOT BE OF IMMODERATE LENGTH, AND THE COURT IS EMPOWERED TO MITIGATE AGAINST ANY DANGER OF INDEFINITE DURATION.

Whether a stay is immoderate "is a function of two variables—the scope of the stay, and the reasons cited for ordering it." Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976). Here, Plaintiffs seek a stay because of the threat that a decision by the appellate tribunal will impact potentially each and/or all of the legal issues in this case. Accordingly, the scope of the stay, including its duration is not immoderate. Contrary to the NFL's contention, this case is not significantly different than Trinity Indus., Inc. v. 188 L.L.C., No. CIV. 3:02-CV-405-H, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002), in which a stay was granted because a related

federal case that addressed substantially similar issues between the same parties was on appeal. Although the appeal in Trinity was in a more advanced posture than the Ibe appeal, it was "impossible to predict with any degree of certainty" when the Sixth Circuit would rule in Trinity, and it could have been more than a year—as the NFL argues to be the case here.

Moreover, the remedy that the court came up with in Trinity to make the stay digestable, could easily be applied here. The Trinity court made a provision in the stay order for the parties to report to the Court on the resolution of the appeal, so that the stay would not be in place indefinitely after the matter in the parallel federal litigation had been resolved. 2002 WL 1315743, at *3. As Plaintiffs pointed out in their moving papers, those concerns are muted here because both the Ibe case and this litigation involve not just the same defendant, the same defense counsel, and the same counsel for Plaintiffs, but also the same district court judge. Accordingly, the stay in this matter would be lifted forthwith following the resolution of the Ibe appeal.

### V.      A STAY WOULD PROMOTE JUDICIAL ECONOMY AND THE INTERESTS OF THE PARTIES.

Lastly, the NFL argues that judicial economy and the interests of the parties would not be served because the Ibe appeal is "in its infancy" while, in the instant case, "[t]he issues are top-of-mind and ready for prompt resolution." [Opposition at 11, 13.] While no one is more eager for their day in court than the Plaintiffs in this matter, it is this case that is "in its infancy." To date, there has been no trial date set in the case. The parties have not even selected the first set of bellwether plaintiffs for trial nor is there even a scheduling order in place in the case. *Moreover, the Court has indicated it is inclined to grant the Plaintiffs' motion for leave to amend, which will add over 30 defendants to the case.*

Because of the real threat that a decision by the appellate court will impact potentially each and/or all of the legal issues in this case, granting a stay is in the best interests of Plaintiffs, the NFL, and especially the Court, by avoiding unnecessary work, costs and expenses that may later have to be re-done in whole or in part.  Landis, 299 U.S. at 254–55; Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc., 341 F.Supp. 2d 639, 642 (N.D. Tex. 2004) (requiring the court to consider the interests of each party, as well as the conservation of judicial resources).  Finally, even if compelling arguments against granting a stay were raised, "a showing of need counsels the District Court in moderation, but does not constitute a limitation in its power" to grant the stay, where, as here, substantial concerns about avoiding waste and judicial economy are raised. Trinity, 2002 WL 1315743, at *3.

## VI.    CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs request that the Court enter an order staying this action until the Fifth Circuit resolves Plaintiffs' appeal in the Ibe case.  Plaintiffs also request all other relief to which they may show themselves to be justly entitled.

Dated:  May 18, 2015

By:    s/ Christopher S. Ayres
Christopher S. Ayres
Texas Bar No. 24036167
R. Jack Ayres, Jr.
Texas Bar No. 01473000
AYRES, LAW OFFICE, P.C.
4350 Beltway Drive
Addison, Texas 75001
E-Mail:        csayres@ayreslawoffice.com
Telephone:    972-991-2222
Facsimile:    972-386-0091

By:    /s/ Michael J. Avenatti
Michael J Avenatti
California Bar Number:  206929
Ahmed Ibrahim (*Pro Hac Vice*)
California Bar Number:  238739
EAGAN AVENATTI, LLP
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
E-Mail:        mavenatti@eaganavenatti.com
               aibrahim@eaganavenatti.com
Telephone:    949-706-7000
Facsimile:    949-706-7050
**CO-LEAD COUNSEL FOR PLAINTIFFS**

9

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this filed pleading is being served upon all counsel of record through the Court's ECF delivery system, as provided by the Local Rules at or shortly after the time and date of filing.

DATED:  May 18, 2015                  s/ Christopher S. Ayres
                                            Christopher S. Ayres
                                            Texas Bar No. 24036167
                                            R. Jack Ayres, Jr.
                                            Texas Bar No. 01473000
                                            AYRES LAW OFFICE, P.C.
                                            4350 Beltway Drive
                                            Addison, Texas 75001
                                            E-Mail:       csayres@ayreslawoffice.com
                                            Telephone:   972-991-2222
                                            Facsimile:    972-386-0091

                                            s/ Michael J. Avenatti
                                            Michael J. Avenatti (*Pro Hac Vice*)
                                            Bar Number:  206929
                                            E-Mail:       mavenatti@eaganavenatti.com
                                            Ahmed Ibrahim (*Pro Hac Vice*)
                                            Bar Number:  238739
                                            E-Mail:       aibrahim@eaganavenatti.com
                                            EAGAN AVENATTI, LLP
                                            520 Newport Center Drive, Suite 1400
                                            Newport Beach, CA 92660
                                            Telephone:   949-706-7000
                                            Facsimile:    949-706-7050