# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH GRECO, JULES BRODSKY, | § | |
| TODD J. CHRISTENSON, WILLIAM | § | |
| DICKIE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. 3:13-CV-1005-M |
| | § | |
| NATIONAL FOOTBALL LEAGUE, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File their First Amended Complaint

(ECF No. 193). For the reasons stated below, Plaintiffs' Motion is **DENIED**.

### I. Background

This case concerns the temporary seating problems encountered by ticketholders at Super

Bowl XLV, held on February 6, 2011. Plaintiffs assert breach of contract and tort claims,

alleging that several entities and individuals misrepresented and failed to disclose the actual

conditions of their game day seating. On August 6, 2014, this Court dismissed Plaintiffs' claims

against the Cowboys Defendants, including Cowboys owner Jerry Jones, leaving the National

Football League ("NFL") as the only remaining Defendant (ECF No. 92). On February 5, 2015,

Plaintiffs filed a Motion to Amend their Complaint, seeking to add as defendants the NFL's

member teams and individual owners, along with the NFL Ventures entities that staged Super

Bowl XLV (ECF No. 152).

On July 21, 2015, this Court denied Plaintiffs' Motion to File their First Amended

Complaint, and granted Plaintiffs' Motion to Stay, pending the Fifth Circuit's decision in the

related *Ibe* matter (ECF No. 185). The facts and circumstances of the *Ibe* matter are nearly identical to this case. In particular, this Court in its July 21, 2015, Order, denied the Motion to Amend because Plaintiffs did not assert a basis for concluding NFL Ventures was a party to the ticket contract or "segregate their allegations against NFL Ventures, L.P. or NFL Ventures, Inc. from their allegations against the NFL or the NFL team owners." (ECF No. 185 at 23); *Greco v. NFL*, 116 F. Supp. 3d 744, 758 (N.D. Tex. 2015). On September 9, 2016, in *Ibe v. Jones*, 836 F.3d 516 (5th Cir. 2016), the Fifth Circuit held that the Cowboys are not responsible for the performance of the ticket contract between the Plaintiffs and the NFL, and therefore could not be liable for Plaintiffs' claims. On December 14, 2016, the stay in this case was lifted (ECF No. 198). Plaintiffs once again wish to amend their Complaint to join as defendants the NFL's member teams and individual owners, along with NFL Ventures, L.P. and NFL Ventures Inc., seeking to recover attorneys' fees from the proposed defendants under Tex. Civ. Prac. & Rem. Code § 38.001. The NFL argues that Plaintiffs' Motion should be denied as futile.

## II. Legal Standard

To determine whether joining the proposed additional defendants would be futile, courts "apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations and internal quotations omitted). A futility finding is warranted if "the amended complaint would fail to state a claim upon which relief could be granted." *Id*. Because a "party generally must be a party to a contract before it can be held liable for a breach of the contract" under Texas law, Plaintiffs must either show the proposed additional defendants were parties to the ticket contract, or plead a new plausible reason for why the proposed defendants could be liable under the ticket contract. *Ibe*, 836 F.3d at 524 (citations omitted).

2

### III.   Analysis

When the Court denied Plaintiffs' Motion to File their First Amended Complaint, it did so without prejudice, instructing Plaintiffs to assert a basis for the Court to conclude that the NFL Ventures entities are parties to the ticket contract, to separate allegations against the NFL Ventures entities from allegations against the NFL and the NFL team owners, and to plead sufficiently the issue of team and owner liability. (ECF No. 185 at 23); 116 F. Supp. 3d 744, 758–60 (N.D. Tex. 2015).

a.   <u>NFL Ventures Entities</u>

Plaintiffs address NFL Ventures, L.P. and NFL Ventures, Inc., at Paragraphs 4.59, 5.1-5.9, and 6.9 of their Proposed Amended Complaint (ECF No. 193-1). However, Plaintiffs do not distinguish between the NFL Ventures entities, despite the fact that NFL Ventures, L.P. and NFL Ventures, Inc. are distinct legal entities. *See In re Parkcentral Global Litig*., No. 3:09-CV-0765-M, 2010 WL 3119403, at *3 (N.D. Tex. Aug. 5, 2010) (Lynn, J.) ("It is impermissible to make general allegations that lump all defendants together; rather, the complaint must segregate the alleged wrongdoing of one from another.") (citation omitted). Plaintiffs assert that both NFL Ventures entities are parties to the ticket contract because they had a role in staging Super Bowl XLV, planning the event, accommodating fans and guests, and earning revenue from the game. This claim is contrary to the Fifth Circuit's decision affirming this Court's ruling in *Ibe*, holding that receiving revenue from and being responsible for a portion of the event does not make another entity a party to the ticket contract between Plaintiffs and the NFL. *Ibe*, 836 F.3d at 524. Plaintiffs do not make any other allegations or plead any new facts that would allow the Court to conclude that either NFL Ventures, L.P. or NFL Ventures, Inc. is a party to the ticket contract.[1]

---

[1] Plaintiffs cannot recover attorneys' fees from NFL Ventures, L.P. under Tex. Civ. Prac. & Rem. Code § 38.001 because it is not an individual or a corporation (ECF No. 185 at 3–13).

Plaintiffs also seek to assert a fraudulent inducement claim against NFL Ventures, L.P. and NFL Ventures, Inc., which requires Plaintiffs to show that: 1) NFL Ventures, L.P. or NFL Ventures, Inc. made a false representation; 2) that NFL Ventures, L.P. or NFL Ventures, Inc. knew was false when made, or made it recklessly without knowledge of its truth; 3) while intending to induce Plaintiffs to act upon the representation; and 4) Plaintiffs actually and justifiably relied upon the representation, and thereby suffered injury. *Simms v. Jones*, 879 F. Supp. 2d 595, 600–01 (N.D. Tex. 2012). Plaintiffs do not plead facts that satisfy any of these elements, and therefore do not make a plausible fraudulent inducement claim against NFL Ventures, L.P. or NFL Ventures, Inc.

b.   NFL Teams and Team Owners

Plaintiffs seek to join the 32 NFL member teams as additional defendants. In *Ibe*, the Fifth Circuit held the Dallas Cowboys were not liable for any breach of contract claims because they were not parties to the ticket contract, even though the Cowboys were hosting the Super Bowl. *Id.* In their Proposed Amended Complaint, Plaintiffs argue each of the 32 member teams, including the Dallas Cowboys are liable as defendants, because the NFL is an agent of each of the member teams.

An essential element of a principal-agent relationship is the alleged principal's right to control the actions of the alleged agent. *CNOOC Se. Asia Ltd. v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 899 (Tex. App.—Dallas 2007, pet. denied) (citing *Walker Ins. Services v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 549 (Tex. App.—Houston [14th Dist.] 2003, no pet.). However, the NFL consists of 32 separately owned teams, individual teams cannot control the NFL's actions, and the NFL often acts against the interest of its member teams. *See American Needle, Inc. v. NFL*, 560 U.S. 183, 187 (defining the NFL as "an unincorporated association of

32 separately owned professional football teams"); *see also Oakland Raiders v. NFL*, 131 Cal.

App. 4th 621 (Cal. App. 2005) (finding no principal and agent relationship between the Raiders

and the NFL or the Raiders and the Commissioner of the NFL, in part because there are

circumstances where the NFL is obligated under its constitution to take actions adverse to its

member teams).[2] The NFL is not an agent of the member teams, and Plaintiffs have not shown

that the member teams may be liable under the ticket contract between the NFL and Plaintiffs.

Further, if the NFL were liable to Plaintiffs under the ticket contract, the member teams would be

jointly and severally liable, regardless of whether the teams were defendants or not. (ECF No.

185 at 28). Adding the NFL member teams would be a futile gesture.[3]

Plaintiffs also seek to join the 32 individual owners of the NFL teams as defendants.[4] The

Proposed Amended Complaint alleges the owners are liable under the ticket contract because

they voted and acted through their respective member teams, decided to hold Super Bowl XLV

at Cowboys Stadium, and failed to supervise the NFL's actions, thus bearing responsibility for

the seating mishap at Super Bowl XLV.[5] However, the owners cannot be liable if they were not

parties to the ticket contract, even if they were responsible for some part of the event. *Ibe* at 524.

Plaintiffs make no claims of why the owners have a duty to supervise the NFL. Further, the NFL

consists of the 32 member teams, not the individual owners; any implication that the owners

[2] The NFL recently took action adverse to a member team by fining them $1 million and forfeiting several draft picks. *See Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 125 F. Supp. 3d 449, 452 (S.D.N.Y. 2015), *rev'd on unrelated grounds*, 820 F.3d 527 (2d Cir. 2016).

[3] Plaintiffs cannot recover attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001 from 20 of the 32 teams because only 12 are corporations.

[4] On August 6, 2014, the Court dismissed Cowboys owner Jerry Jones from this case because he was not a party to the ticket contract between the NFL and any Plaintiff (ECF No. 92 at 4). Plaintiffs do not explain why the other individual owners would be liable under the ticket contract when the Court has held that Jerry Jones cannot be.

[5] At least 10 NFL owners named in the Proposed Amended Complaint were not owners in 2007 when the member teams of the NFL voted to award Cowboys Stadium the right to host Super Bowl XLV. At least 6 NFL owners named in the Proposed Amended Complaint were not owners in 2011 when Super Bowl XLV occurred.

constitute the NFL, as opposed to the member teams, is contradicted by the NFL constitution.[6]

Plaintiffs do not plead any facts which would make the owners individually liable under a

partnership, agency, or breach of contract theory. Adding the individual owners would be futile.

## IV.   Conclusion

Plaintiffs fail to state in their Proposed First Amended Complaint a plausible claim on

which relief may be granted against the proposed defendants. Therefore, Plaintiffs' Motion for

Leave to File their First Amended Complaint is futile, and is **DENIED**.

**SO ORDERED.**

March 2, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE

---

[6] NFL constitution Article III states "Membership in the League shall be limited to the thirty-two (32) member clubs specified in Section 4.5," which lists the teams. Further, the member teams and the owners are referred to separately; Section 3.11 of the NFL constitution states "Each member club, and each and all of the owners…as well as any other person owning any interest in such member club" agrees to be bound by certain obligations. (ECF No. 205 at 13, 20); *See also American Needle, Inc. v. NFL*, 560 U.S. 183, 187 (defining the NFL as 32 separately owned professional football teams).