# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JOSEPH GRECO, et al., )<br>    Plaintiffs, )<br>v. )   No. 3:13-CV-1005-M<br>NATIONAL FOOTBALL LEAGUE, )<br>    Defendant. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled cause has been referred to United States Magistrate Judge Paul D. Stickney for a settlement conference to be conducted by April 28, 2017. *See* Order, ECF No. 209. Accordingly, the Court held a settlement conference on April 18, 2017. The parties and their counsel appeared and conducted settlement negotiations in good faith, with the exception of fourteen plaintiffs. Due to the number of plaintiffs involved in this case, the Court permitted the plaintiffs' counsel to appear with settlement authority on behalf of the plaintiffs, provided that counsel obtain a signed letter from each of the plaintiffs giving settlement authority. However, the following fourteen plaintiffs failed to either provide counsel with settlement authority or appear at the settlement conference:

1. Agi Bako
2. Albert Bier
3. William Breseman
4. Kenneth Edlebeck
5. James Edwards
6. Linda Grantin
7. Justin Junda
8. Michael Kramer
9. Al MacVicar
10. James Nicholson
11. Raymond Niro
12. Jeffrey Olsen
13. Phoenix Beverages
14. Mark Turner

The Court set a show cause hearing for May 2, 2017 and permitted the remaining plaintiffs to provide their counsel with settlement authority by this date or appear in person at the show cause hearing. *See* Order, ECF No. 227. The Court advised that plaintiffs who do not give settlement authority or appear in person at the show cause hearing may be subject to sanctions, including the dismissal of their claims in entirety. *See* Order 2, ECF No. 227.

On April 28, 2017, the Court received a correspondence from the plaintiffs' counsel stating that settlement authority has subsequently been obtained for the following eight plaintiffs:

1. Agi Bako
2. Albert Bier
3. Kenneth Edlebeck
4. James Edwards
5. Linda Grantin
6. Al MacVicar
7. James Nicholson
8. Jeffrey Olsen

The plaintiffs' counsel also stated in the correspondence that they are still attempting to obtain settlement authority for the following remaining six plaintiffs prior to the May 2, 2017 show cause hearing:

1. William Breseman
2. Justin Junda
3. Michael Kramer
4. Raymond Niro
5. Phoenix Beverages
6. Mark Turner

At the May 2, 2017 show cause hearing, counsel for the parties stated that they do not object to the dismissal of the remaining plaintiffs' claims from this action.

## RECOMMENDATION

In consideration of the foregoing, the undersigned respectfully recommends that the District Court dismiss with prejudice the claims of the following plaintiffs from this action:

1. William Breseman
2. Justin Junda
3. Michael Kramer
4. Raymond Niro
5. Phoenix Beverages
6. Mark Turner

**SO RECOMMENDED**, May 2, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).